UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| DAVID BARNETT, | ) |
| Plaintiff, | ) Case No. 3:20-cv-337- JRW |
| v. | ) *Filed Electronically* |
| FIRST NATIONAL BANK OF OMAHA, | ) |
| Defendant. | ) |

\* \* \* \* \*

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff David Barnett ("Barnett"), by and through his attorneys, alleges the following against Defendant First National Bank of Omaha ("FNBO").

**INTRODUCTION**

1. Count I of Barnett's Complaint against FNBO is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Barnett's Complaint against FNBO is based upon the Kentucky Consumer Protection Act ("KCPA"), KRS 367.170, *et seq*. The KCPA makes unlawful unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce.

3. Count III of Barnett's Complaint against FNBO is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion

of another or her private affairs or concerns . . . that would be highly offensive to a reasonable person."

## PARTIES

4. Barnett is a natural person residing in Bullitt County, Kentucky.

5. FNBO is a national bank and its principal place of business is located at 1620 Dodge Street, Omaha, NE 68197.

6. FNBO acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

7. Jurisdiction of this court arises under 47 U.S.C. §227, and 28 U.S.C. §§1331, 1332, 1367.

8. Diversity jurisdiction is established under 28 U.S.C. §1332 as the matter in controversy exceeds $75,000.00, Barnett is a citizen of Kentucky, and FNBO is a citizen of Nebraska.

9. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events giving rise to the claim occurred in this District.

10. FNBO transacts business in this state; therefore, personal jurisdiction is established.

## FACTUAL ALLEGATIONS

11. The debt(s) underlying this action were obligation(s) or alleged obligation(s) of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes.

12. In or around April 2019, FNBO began calling Barnett on his cellular telephone

number, ending (***) ***-2101.

13. The calls mainly originated from the numbers (800) 424-6920; (800) 537-3302, (855) 696-4904; (888) 810-5673; and (888) 893-9519.

14. Upon information and belief, these phone numbers are owned, operated or controlled by FNBO or its agent(s).

15. On or about May 25, 2019, Barnett answered a call from FNBO and spoke with a representative.

16. After picking up the call, Barnett heard a series of clicks, beeps or tones, and an unusually long delay before FNBO's representative began speaking, consistent with the use of an automatic dialing system.

17. The FNBO representative indicated that FNBO was attempting to collect a debt from Barnett.

18. Barnett informed the representative that he had no money because in 2018 he had had bilateral knee-replacement surgery and had been unable to work for about 6 to 8 months, and also could not work between October and December.

19. Barnett then instructed FNBO's representative that if FNBO wanted to communicate with him, it should do so by mail, thereby revoking consent to be called.

20. Upon information and belief, Barnett requested that FNBO stop calling him on other calls.

21. Despite Barnett expressly informing FNBO to not call him and that he could not pay at the time because he had no money, and his situation was unlikely to change in the near future, FNBO began a harassment campaign by calling and texting Barnett on his cellular phone relentlessly for over three months.

22. FNBO next called Barnett on June 10, 2019, less than a month after Barnett explained he had no money to pay.

23. Between June 10 and September 30, 2019, FNBO called or texted Barnett's cellular telephone no less than **FOUR HUNDRED (400) times** after Barnett revoked consent to be called.

24. FNBO called or texted Barnett almost every day, including the weekends.

25. FNBO went as far as calling or texting Barnett several times a day. For example, FNBO called or texted Barnett nine (9) times on September 25.

26. FNBO called or texted Barnett at all times during the day, from as early as 8 am to as late as 8 pm.

27. Upon information and belief, FNBO has also called or texted, attempted to call or text friends and family of Barnett with the intention that they would communicate to Barnett that FNBO was attempting to collect a debt from him, causing Barnett additional embarrassment and distress.

28. Upon information and belief, FNBO called Barnett and delivered prerecorded or artificial voice messages.

29. Upon information and belief, FNBO's automatic dialer failed to return to the on-hook state within 60 seconds of completion of dialing.

30. On July 24, 2019, in response to varying district court opinions the US House of Representatives passed H.R. 3375 by a vote of 429-3. The House intended to clear up any ambiguity with the TCPA and made it clear that the TCPA covers systems that call consumers from a stored list.

31. H.R. 3375 further clarified that a consumer may revoke consent, even consent given in a contract.

*Barnett, Barnett v. First National Bank of Omaha*
Complaint
4/9

32. FNBO is familiar with the TCPA and KCPA.

33. The conduct was not only done willfully but was done with the intention of causing Barnett such distress, so as to induce him to pay the debt.

34. Each and every one of FNBO's telephone calls caused Barnett distraction, annoyance, frustration, and temporary loss of use of his telephone line.

35. FNBO's intrusion upon Barnett's seclusion was highly offensive to the reasonable person, oppressive, outrageous, and exceeded reasonable collection efforts. FNBO's conduct was especially unreasonable because it called relentlessly shortly after Barnett had explained that he did not have money to repay FNBO. Defendant's conduct was further unreasonable as it called no less than 400 times for a debt of only $750.

36. As a result of FNBO's conduct, Barnett has sustained actual damages including but not limited to, stress, anxiety, embarrassment, severe emotional and mental pain and anguish.

37. Barnett takes medications for endocrinological disorders affecting his thyroids. The distress caused by FNBO worsened Barnett's condition and adversely affected his treatment.

## COUNT I

### Violations of the TCPA, 47 U.S.C. §227

38. Barnett incorporates by reference the foregoing paragraphs as fully stated herein.

39. FNBO violated the TCPA. FNBO's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, FNBO violated TCPA 47 U.S.C. §227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the

called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b. Within four years prior to the filing of this action, on multiple occasions, FNBO willfully and/or knowingly contacted Barnett on his cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, FNBO knowing and/or willfully violated the TCPA.

40. As a result of FNBO's violations of 47 U.S.C. §227, Barnett is entitled to declaratory judgment that FNBO's conduct violated the TCPA, and an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B). If the Court finds that FNBO knowingly and/or willfully violated the TCPA, Barnett is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

## COUNT II

### Violations of the KCPA, KRS 367.170 and KRS 367.220

41. Barnett incorporates by reference the foregoing paragraphs as fully stated herein.

42. FNBO violated the NCDCA. FNBO's violations include, but are not limited to using unfair, unconscionable, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce. KRS 367.170(1), (2).

43. As a result of the foregoing violation of the KCPA, Barnett is entitled actual and punitive damages, and equitable relief. KRS 367.220(1).

44. KCPA further entitles Barnett to recover reasonable attorneys' fees and costs. KRS 367.220(3).

## COUNT III

### Violation of Invasion of Privacy — Intrusion Upon Seclusion

45. Barnett incorporates by reference the foregoing paragraphs as fully stated herein.

46. Restatement of the Law, Second, Torts, §652B defines intrusion upon seclusion as, "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

47. FNBO violated Barnett' privacy. FNBO's violations include, but are not limited to, the following:

   a. FNBO intentionally intruded, physically or otherwise, upon Barnett' solitude and seclusion by engaging in harassing phone calls and text messages in an attempt to collect on an alleged debt despite a request(s) for the calls to cease.

   b. The number and frequency of the telephone calls and texts to Barnett by FNBO after a request(s) for them to cease constitute an intrusion on Barnett's privacy and solitude.

   c. FNBO's conduct would be highly offensive to a reasonable person as Barnett received calls and text messages that constantly interrupted and occupied his phone line.

   d. The frequency and volume of FNBO's calls were harassing to Barnett.

   e. FNBO's acts, as described above, were done intentionally with the purpose of coercing Barnett to pay the alleged debt.

48. As a result of FNBO's violations of Barnett' privacy, FNBO is liable to Barnett for actual damages. If the Court finds that the conduct is found to be egregious, Barnett may recover

punitive damages.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Barnett hereby demands a trial by jury of all issues triable by jury.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff David Barnett respectfully requests judgment be entered against Defendant First National Bank of Omaha for the following:

A. Declaratory judgment that FNBO violated the TCPA and KCPA;

B. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);

C. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C);

D. Actual and punitive damages for FNBO's violations of the KCPA pursuant to KRS 367.220(1);

E. Awarding reasonable attorneys' fees and costs pursuant to KRS 367.220(3);

F. Actual and punitive damages for FNBO's intrusion upon Barnett' seclusion;

G. Awarding Barnett any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted,

CRAIG HENRY PLC
James Craig

*s/* James Craig
401 West Main Street, Suite 1900
Louisville, Kentucky 40202
Telephone: (502) 614-5962
Facsimile: (502) 614-5968
jcraig@craighenrylaw.com

*Counsel for Plaintiff David Barnett*