**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**

DAVID BARNETT, )
)
    Plaintiff, )   Case No.: 3:20-cv-337-JRW
)
  vs. )
)
FIRST NATIONAL BANK OF OMAHA, )
)
    Defendant. )
)
)

_____

## DEFENDANT FIRST NATIONAL BANK OF OMAHA'S
## MOTION FOR SUMMARY JUDGMENT

Comes Now Defendant, First National Bank of Omaha ("FNBO"), and moves this Court pursuant to Fed. R. Civ. P. 56(a) to grant summary judgment in its favor for alleged violations of the Telephone Consumer Protection Act ("TCPA")  42 U.S.C. § 227 et seq. and the Kentucky Consumer Protection Act ("KCPA").

There are no genuine issues of material fact left unresolved and FNBO seeks entry of judgment in its favor on the issue of liability.

WHEREFORE, Defendant, First National Bank of Omaha, respectfully requests this Court grant its motion for summary judgment, enter judgment in its favor, and for such other relief as this Court deems proper.

In support of FNBO's Motion, FNBO submits the attached Brief in Support.

Dated:  July 26, 2021           FIRST NATIONAL BANK OF OMAHA

By:  /s/  Cory J. Rooney
Cory J. Rooney, Esq.
PO Box 382
Omaha, NE  68101
Phone:  402.933.9865
Fax:  402.401.2701
Email:  rooneylaw@outlook.com
Attorney For Plaintiff

# BRIEF IN SUPPORT OF MOTION

## I.   CONCISE STATEMENT OF THE ISSUES PRESENTED

1. Whether First National Bank of Omaha utilized an Automated Telephone Dialing System ("ATDS") as that term is interpreted by the Telephone Consumer Protection Act ("TCPA")?

Plaintiff would answer:  "Yes".

Defendant answers:  "No".

2.  Whether Plaintiff clearly and expressly revoked previously provided consent to be called on his cellular telephone number under the Telephone Consumer Protection Act ("TCPA").

Plaintiff would answer:  "Yes".

Defendant answers:  "No".

3.  Whether First National Bank of Omaha's actions violated the Kentucky Consumer Protection Act ("KCPA")?

Plaintiff would answer:  "Yes".

Defendant answers:  "No".

## II. CONTROLLING OR MOST IMPORTANT AUTHORITY

Cases:

*ACA Int'l v. FCC,* 885 F.3d 687, 710 (D.C. Cir. 2018).

*Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986)

*Aponte Matos v. Toledo Davila,* 135 F.3d 182, 186 (1st Cir.1998)

*Cesaire v. Med. Servs*., Inc., No: 6-15-cv-1886-Orl-28DC1, 2016 U.S. Dist. LEXIS 162615, 2016 WL 6910257, *18 (M.D. Fla. Nov. 23, 2016)

*Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1173, 209 L. Ed. 2d 272, 2021 U.S. LEXIS 1742, 28 Fla. L. Weekly Fed. S 721 (April 1, 2021)

*Hayes v. Douglas Dynamics, Inc*., 8 F.3d 88, 90 (1st Cir. 1993)

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)

*Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003)

*Stephen M. Hill v. Homeward Residential, Inc.,* — F.3d— , No. 14-4168 (6th Cir. Aug. 21, 2015)

*Seaboard Sur. Co. v. Town of Greenfield*, 370 F.3d 215, 218-19 (1st Cir.2004)

*Timms v. USAA Fed. Sav. Bank*, 2021 U.S. Dist. LEXIS 108083, 2021 WL 2354931 (D.S.C. June 9, 2021)

*Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1048 (9th Cir. 2017)

*Wright v. USAA Savings Bank*, No. 19-0591, 2020 WL 2615441, at *1-5 (E.D. Cal. May 22, 2020)


Statutes:

47 U.S.C. § 227(b)(1)(A)

Federal Communications Commission Findings:

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 564 (2008).

In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 30 F.C.C. Rcd. 7961, 7997 ¶ 67 (July 10, 2015).

Rules:

Federal Rule of Civil Procedure 56

### III. BACKGROUND

1.    On or about March 7, 2014, Plaintiff, David Barnett, applied for and received a First National Bank of Omaha credit card account ending in 9550 ("Account").  *See* Exhibit A, Declaration of Paul Osborne ("Osborne Decl.") at ℙ 5.

2.    During said application for credit, Plaintiff provided his cellular number ending in 2101, i.e., the one at issue in this case, to FNBO as a method of contacting Plaintiff.  *See* Osborne Decl. at ℙ 6 ; *see also* Exhibit B, Deposition of David Barnett taken on April 2, 2021 ("Barnett Depo."), at 12:22-13:4.

3.    Sometime during 2019, Plaintiff fell behind on his monthly minimum credit card payment.  *See* Barnett Depo. at 13:5-25.

4.    On or about May 17, 2019, FNBO spoke with Plaintiff regarding his missed payment(s) and Plaintiff stated to "put it in the mail."  *See* Osborne Decl. at ℙ 7.

5.    Plaintiff did not state on the phone what he wanted FNBO to put in the mail, but later testified that he wanted the billing statement(s) to be put in the mail.  *See* Barnett Depo. at 20:17-24.

6.    Again on May 25, 2019, FNBO spoke with Plaintiff and Plaintiff again requested that FNBO "mail it to him."  *See* Osborne Decl. at ℙ 8; *see also* Barnett Depo. at 20:17-24.

7.    There is no record of any other conversation between Plaintiff and FNBO during the relevant time-period.  *See* Osborne Decl. at ℙ 10; *see also* Barnett Depo. at 23:21-25.

8.    Plaintiff alleges that he has a handwritten record of requesting FNBO to stop calling him, but has not provided it and refuses to do so.  *See* Barnett Depo. at 24:3-15.

9.    The telephone system that FNBO utilizes is a LiveVox phone system.  *See* Osborne Decl. at ⁋ 11.

10.  FNBO provides the LiveVox phone system with a list of customers that FNBO would like called each day.  *See* Osborne Decl. at ⁋ 12.

11.  The LiveVox system calls the telephone numbers in the order in which First National requests the customers to be called.  *See* Osborne Decl. at ⁋ 13

12.  The LiveVox system as operated by First National Bank of Omaha cannot produce or store numbers randomly or sequentially.

## IV.    LAW

### A.    Summary Judgment

Summary Judgment is appropriate *only* if there are no genuine issues of any material facts.  Fed. R. Civ. P. 56(a).  Furthermore, the evidence submitted should be viewed in the light most favorable to the nonmoving party, and drawing all reasonable inferences in the nonmoving party's favor.  *See Aponte Matos v. Toledo Davila,* 135 F.3d 182, 186 (1st Cir.1998); *see also Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986).  "`[G]enuine' means that `the evidence is such that a reasonable jury could return a verdict for the nonmoving party,' and a `material fact' is one which `might affect the outcome of the suit under the governing law.'" *Seaboard Sur. Co. v. Town of Greenfield*, 370 F.3d 215, 218-19 (1st Cir.2004) (*quoting Hayes v. Douglas Dynamics, Inc*., 8 F.3d 88, 90 (1st Cir. 1993) (*quoting Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202, (1986))) (internal quotation marks omitted).

"The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts." *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).  If the moving party satisfies this burden, the burden shifts to the non-moving party to show that a "rational trier of fact [could] find for the non-moving party [or] that there is a 'genuine issue for trial.'"  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).  If the nonmoving party's evidence is "merely colorable," or "not significantly probative," then summary judgment should be granted. *Anderson*, 477 U.S. at 242-52.

B.    <u>Telephone Consumer Protection Act ("TCPA")</u>

Pursuant to the TCPA, it is unlawful for any person to make any call using an automatic telephone dialing system ("ATDS") to a "cellular telephone service", ***unless "made with the prior express consent of the called party."***  47 U.S.C. § 227(b)(1)(A) (emphasis added).  It is well established that a debtor provides express consent to be called at a particular number when the debtor provides the number to the caller.  *See e.g., Stephen M. Hill v. Homeward Residential, Inc.,* — F.3d— , No. 14-4168 (6th Cir. Aug. 21, 2015).  The Federal Communications Commission ("FCC"), which is charged with prescribing rules and regulations under the TCPA, has defined "express consent" to include when the debtor "provided [his number] in connection with an existing debt."  *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 559, 564 (2008).   "We emphasize that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."  *Id*. at 564-565 ¶ 10.

Although the TCPA addresses providing "consent" to be called at a number, it fails to address "revoking" previously provided consent to be called at a particular number with an ATDS.  However, several courts and the FCC have concluded that previously provided consent can be revoked by any reasonable means as long as there is a clear and express desire to revoke the previously provided consent to be called at a particular number with an ATDS.  The Debtor must "clearly express his or her desire not to receive further calls." *See* In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991, 30 F.C.C. Rcd. 7961, 7997 ¶ 67 (July 10, 2015) (the "2015 Order").  "Revocation of consent must be clearly made and express a desire not to be called or texted."  *Van Patten v. Vertical Fitness Group, LLC*, 847 F.3d 1037, 1048 (9th Cir. 2017).

The Supreme Court recently added some clarity to the definition of an "Automatic Telephone Dialing System" ("ATDS") in *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1173, 209 L. Ed. 2d 272, 2021 U.S. LEXIS 1742, 28 Fla. L. Weekly Fed. S 721 (April 1, 2021). An "automatic telephone dialing system" must have the capacity to either store a telephone number using a random or sequential number generator, or to produce a telephone number using a random or sequential number generator. *Id*. at *11.

## V.   ARGUMENT

A.   Telephone Consumer Protection Act ("TCPA")

1.   Consent and Revocation of Consent

It is undisputed that Plaintiff provided First National Bank of Omaha his cellular telephone number to be contacted regarding this debt; thereby providing *consent* to FNBO to call his cellular telephone number via any means, including an automated telephone dialing system ("ATDS").  *See* Barnett Depo. at 12:22-13:4; *see also* Declaration of Paul Osborne ("Osborne

Decl."), at ¶ 6.  The Plaintiff did not "clearly" revoke his previously provided consent to be called at his cellular number with an ATDS.  In fact, the phone call at issue in this case, Plaintiff merely states "put it in the mail."  When further pressed about what Plaintiff wanted to be put in the mail, he acknowledged that he wanted the credit card billing statements "put in the mail."  *See* Barnett Depo. at 20:17-24.

> Q:  Sure.  Do you recall now what you wanted my client to put in the mail?
> A:  The paperwork.
> Q:  And what paperwork was that?
> A:  The paper they send you every month, the paper they send you every month.
> Q:  Like a billing statement?
> A:  Yes.

> *Id.*

After Plaintiff listened to a recording of the phone call at issue in this case, Plaintiff acknowledged that he never requested that FNBO stop calling him, only that he wanted the billing statements "put in the mail."  *See* Barnett Depo. at 23:4-16.

> Q:  Were you able to hear that, Mr. Barnett?
> A:  Yes, sir.
> Q:  Okay.  At no point during that conversation did you ask them not to call you, correct?
> A:  That time I didn't.
> Q:  Okay.  And at the end I heard you say "just put it in the mail," and the First National representative asked, "put what in the mail?"  And the phone disconnected.  What did you want put in the mail?
> A:  The statements put in the mail.

> *Id.*

Plaintiff contends that he told FNBO during another phone conversation to stop calling, but he has no recording of it, however, he claims he wrote it down.  Plaintiff has refused to produce this document as allegedly it was the product of attorney work.  *See* Barnett Depo. at 23:17-24:25.

This complete lack of revocation is not the clear and express revocation of consent that the courts have deemed appropriate. The FCC noted in its 2015 Order:

> When assessing whether any particular means of revocation used by a consumer was reasonable, we will look to the totality of the facts and circumstances surrounding that specific situation, including, for example, whether the consumer had a reasonable expectation that he or she could effectively communicate his or her request for revocation to the caller in that circumstance, and whether the caller could have implemented mechanisms to effectuate a requested revocation without incurring undue burdens.

Id. at ¶ 64 n.233. By Plaintiff requesting that FNBO put his billing statements in the mail during a phone call is not equivalent to Plaintiff requesting that FNBO stop calling his cellular telephone number that he previously provided FNBO. This "unconventional method of seeking revocation" precludes a finding of "reasonable expectation" by the consumer. *See ACA Int'l v. FCC,* 885 F.3d 687, 710 (D.C. Cir. 2018).

Revocation of previously provided consent to be called on a cellular number needs to be "clear" and unequivocal. *See Cesaire v. Med. Servs*., Inc., No: 6-15-cv-1886-Orl-28DC1, 2016 U.S. Dist. LEXIS 162615, 2016 WL 6910257, *18 (M.D. Fla. Nov. 23, 2016) (holding the consumer's attempted revocation of consent was not "clear revocation" under the TCPA). In this case, Plaintiff didn't even ask not to be called, let along a clear request not to be called.

Since Plaintiff provided FNBO his consent to be contacted on his cellular telephone number and never revoked that consent, Plaintiff's TCPA claim should be dismissed.

2. Automatic Telephone Dialing System ("ATDS")

Pursuant to 47 U.S.C. § 227(a)(1), an ATDS is equipment that has the capacity to:

(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and
(B) to dial such numbers.

Recently, the Supreme Court resolved a split amongst the circuit courts and provided some clarity to the above-definition and held that an ATDS must have the capacity to either store

a telephone number using a random or sequential number generator, or to produce a telephone number using a random or sequential number generator. *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1173, 209 L. Ed. 2d 272, 2021 U.S. LEXIS 1742, 28 Fla. L. Weekly Fed. S 721 (April 1, 2021).

It is undisputed that the telephone system that FNBO utilized, i.e., the LiveVox telephone, does not store a telephone number using a random or sequential number generator, nor produce a telephone number using a random or sequential number generator.  Every day, FNBO determines a list of customers that it wants to call on that particular day, provides that list to the LiveVox system, and the LiveVox system can only call those telephone numbers in the order that FNBO directs it to call.  *See* Osborne Decl. and Declaration of Laurence Siegel, attached hereto as Exhibit D.

Recently, the District Court of South Carolina in *Timms v. USAA Fed. Sav. Bank*, 2021 U.S. Dist. LEXIS 108083, 2021 WL 2354931 (D.S.C.  June 9, 2021) (attached hereto as Exhibit C), granted the Defendant's Motion for Summary Judgment and determined that a telephone system very similar to FNBO's was not an ATDS because

> [t]here is no evidence that the [phone systems] store numbers using a random or sequential number generator or produce numbers using a random or sequential number generator. Both systems "are capable of making telephone calls only to specific telephone numbers from dialing lists created and loaded by" Defendant…They "cannot store or produce telephone numbers suing a random or sequential number generator."…As a result, and in accordance with [*Facebook v.] Duguid*, the court hereby concludes that the [phone systems] are not ATDS, and it grants summary judgment in favor of Defendant on the TCPA claim.

*Id*. at *17-18.

Since FNBO's telephone system does not and cannot the way FNBO operates it store numbers using a random or sequential number generator or produce numbers using a random or sequential number generator, Plaintiff's TCPA claim should be dismissed because Plaintiff was

not called by FNBO using an automatic telephone dialing system as defined by 47 U.S.C. § 227(a)(1) and interpreted by the Supreme Court in *Facebook, Inc. v. Duguid.*

B.  Kentucky Consumer Protection Act ("KCPA") and Intrusion by Seclusion

Plaintiff also alleged that FNBO violated the KCPA and the common law doctrine of Intrusion by Seclusion because FNBO called its customer regarding his delinquent account.  It is undisputed, as discussed above, that Plaintiff never requested that FNBO stop calling him and that he wanted FNBO to put the billing statements in the mail, which FNBO has a legal obligation to do so.  This type of conduct is not "unfair, unconscionable, false, misleading, or deceptive" as contemplated by the KCPA or an invasion into Plaintiff's privacy.  FNBO was merely calling its customer at a telephone number that Plaintiff provided FNBO to be contacted at regarding his FNBO credit card account.

Plaintiff's KCPA and Intrusion by Seclusion claims should also be dismissed and Judgment granted in FNBO's favor.

VI.    **CONCLUSION**

Based on the foregoing Motion and Brief in Support, First National Bank of Omaha respectfully requests that this Honorable Court grant Defendant's Motion for Summary Judgment in its entirety as there are no genuine issues of material fact for the factfinder to decide.  There is no reasonable jury that could find in favor of Plaintiff and conclude that Plaintiff clearly revoked consent to be called on his cellular number with regards to this particular debt, that the telephone system used by FNBO was an ATDS, or that FNBO violated the KCPA or invaded Plaintiff's privacy.

Dated:     July 26, 2021                    FIRST NATIONAL BANK OF OMAHA


                                           By:  /s/  Cory J. Rooney
                                           Cory J. Rooney, Esq.
                                           PO Box 382
                                           Omaha, NE  68101
                                           Phone:  402.933.9865
                                           Fax:  402.401.2701
                                           Email:  rooneylaw@outlook.com
                                           Attorney For Plaintiff


## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on July 26, 2021 the foregoing Motion for Summary Judgment, Brief, and Exhibits were filed with the Clerk of Court using the Court's CM/ECF system, which sent electronic notification to al interested parties, including:

James Robert Craig
Craig Henry PLC
401 W. Main Street, Suite 1900
Louisville, KY 40202
502-614-5962
Fax: 502-614-5968
Email: jcraig@craighenrylaw.com
LEAD ATTORNEY
ATTORNEY TO BE NOTICED

Santiago J. Teran
Price Law Group, APC - Hallandale
1001 N. Federal Highway, Suite 349
Hallandale, FL 33009
818-600-5586
Email: santiago@pricelawgroup.com
LEAD ATTORNEY

Attorneys for Plaintiff                    /s/ Cory J. Rooney